## Nolan's Estate.

*Wills—Alleged testamentary incapacity—Intemperate habits—Evidence—Insufficiency.*

In an application for an issue devisavit vel non where the testimony shows that the testator was a man of intemperate habits, but at the time of the execution of the will he was perfectly sober and sane and understood exactly what he was doing the issue was properly refused.

Argued March 4, 1918.   Appeal, No. 205, Jan. T., 1917, by Charles J. Nolan, from decree of O. C. Berks Co., June T., 1916, No. 9, refusing issue devisavit vel non, in Estate of Francis Reilly Nolan, deceased.   Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ.   Affirmed.

Petition for issue devisavit vel non.   Before WILHELM, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

The court refused the issue.   Petitioner appealed.

*Error assigned* was the decree of the court.

*E. H. Deysher,* for appellant.

*H. P. Keiser,* for John Elwood Lee, appellee.

*Joseph R. Dickinson,* with him *J. Bennett Nolan,* for Edward C. Nolan, Executor, Sisters of St. Francis, and Reading Trust Co., Trustee for Matilda McDonough, appellees.

PER CURIAM, April 22, 1918:

The learned judge below, specially presiding, found that the testator "appeared at the office of his attorney, unaccompanied by any person, and gave directions concerning the disposition he desired to make of his property by will. The will was drawn in accordance with the directions received by the attorney. It was, on a subsequent visit to the office of the attorney, read to the testator, and, upon being asked if that was the disposition of his property intended, he replied that it was. He desired certain persons to witness the will, and the will was taken by the testator and the son of the attorney who drew it to the store of the witnesses and there signed after the testator had declared it was his will. The attorney who drew the will, his son, and the two witnesses all testify that the testator was not intoxicated; that he was mentally capable at the time of its execution to dispose of his property by last will and testament." In view of the testimony that, though the testator was a man of intemperate habits, he was at the time of the execution of his will perfectly sober and sane and understood exactly what he was doing, the issue asked for was properly refused: Tasker's Est., 205 Pa. 455.

Appeal dismissed at appellant's costs.